DARRELL L. COCHRAN
(darrell@pcvalaw.com)
KEVIN M. HASTINGS
(kevin@pcvalaw.com)
Pfau Cochran Vertetis Amala PLLC
911 Pacific Ave., Ste. 200
Tacoma, WA 98402
Tel: (253) 777-0799

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| A.G., individually,<br><br>          Plaintiff,<br><br>     v.<br><br>EVERETT SCHOOL DISTRICT, a public corporation; CATHY WOODS, an individual; JAMES DEAN, an individual; CRAIG VERVER, an individual,<br><br>          Defendants. | No. 2:17-cv-01409-RAJ<br><br>**PLAINTIFF'S MOTION TO STAY**<br><br>Noted: June 29, 2018 |

## I.     RELIEF REQUESTED

In the alternative of asking the Court to voluntarily dismiss her complaint without prejudice, Plaintiff requests the Court to enter an order staying this matter pending the final outcome of the appeal in *A.T. v. Everett Sch. Dist. et al.*, No. 2:16-cv-01536-JLR.

## II.     RELEVANT FACTS

This lawsuit arises out of sexual abuse that Plaintiff allegedly suffered at the hands of Craig Verver, a teacher at Everett School District.[1]  Plaintiff filed this lawsuit on September 18, 2017, alleging claims under 42 U.S.C. § 1983 and Title IX.[2]  Defendants Everett School

---
[1] Dkt. No. 1.
[2] Dkt. No. 1.

PLAINTIFF'S MOTION FOR VOLUNTARY NONSUIT

1 of 5

PFAU COCHRAN
VERTETIS AMALA
A Professional Limited Liability Company

911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

District, James Dean, and Cathy woods answered on October 18, 2017.[3]  Defendant Craig Verver answered on April 30, 2018.[4]  No motions have been filed, and the parties have appeared for only one deposition: the deposition of Plaintiff A.G.

A separate but related case was filed on September 30, 2016, by another young woman alleging that she was sexually abused by Craig Verver as a student at Everett School District: *A.T. v. Everett Sch. Dist. et al.*, No. 2:16-cv-01536-JLR.[5]  Like this case, the complaint in *A.T.* alleged claims under 42 U.S.C. § 1983 and Title IX.  The Defendants in *A.T.* moved to dismiss under the statute of limitations, and the Court granted the motion after holding the federal claims were required to be filed within three years of the sexual abuse, or when A.T. was 21 years old.  *A.T.*, is currently on appeal.[6]

### III.     EVIDENCE RELIED UPON

This motion relies upon the existing record on file int his case and *A.T. v. Everett Sch. Dist. et al.*, No. 2:16-cv-01536-JLR.

### IV.     LEGAL AUTHORITY

It would promote the interests of justice and judicial economy to stay the proceedings in this case pending the outcome of the Ninth Circuit *A.T.* appeal.  "A district court has discretionary power to stay proceedings in its own court."  *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2004).  Specifically, it is within the court's discretion to stay a suit pending resolution of another suit that would settle many of the issues in the suit before the court.  *See Landis v. North American Co.*, 299 U.S. 248, 254-56 (1936) (remanding for district court's consideration of stay).  Indeed, a court in the Northern District of Illinois stayed an ERISA class action pending an appeal to the Seventh Circuit in another case involving the same issues.  *See*

---

[3] Dkt. No. 10.

[4] Dkt. No. 13.

[5] *A.T. v. Everett Sch. Dist. et al.*, Dkt. No. 1.

[6] *A.T. v. Everett Sch. Dist., et al.*, Dkt. No. 79.

PLAINTIFF'S MOTION FOR VOLUNTARY NONSUIT

2 of 5



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

Case 2:17-cv-01409-RAJ   Document 16   Filed 06/12/18   Page 3 of 5

*Loomis v. Exelon Corp.*, No. 06 CV 4900 (N.D. Ill. June 28, 2007) (order granting motion for stay).

The Ninth Circuit weighs the following interests in determining whether to grant a stay: (1) possible damage which may result from the granting of a stay; (2) the hardship or inequity which a party may suffer in being required to go forward; and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *Lockyer*, 398 F.3d at 1110; *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). Weighing these factors here demonstrates that a stay is proper.

### A. A Stay Will Advance the Orderly Course of Justice By Clarifying and Simplifying the Issues.

Staying this case pending resolution of the *A.T.* appeal will advance the orderly course of justice by clarifying and simplifying the issues in this case. Because the *A.T.* appeal presents federal claims identical to Plaintiff's federal claims and because both cases involve the same evidence of fraudulent concealment (therefore tolling the statute of limitations), resolution of the statute of limitations issue in the *A.T.* appeal will conclusively determine whether Plaintiff's federal claims can proceed.

### B. A Stay Will Conserve Resources and Eliminate Time-Consuming and Unnecessary Discovery.

In addition, a stay will conserve resources of the Court by deciding a dispositive issue in this case, as well as resources of the parties by delaying continued discovery until it is known whether the federal claims in this case will survive.

### C. A Stay Will Not Prejudice Defendants

Finally, a stay will not result in any significant prejudice to Defendants, who will only stand to benefit from stayed discovery pending the outcome of a dispositive motion. Insofar as discovery has already been conducted, Defendants have conducted such discovery with a full

PLAINTIFF'S MOTION FOR VOLUNTARY NONSUIT

3 of 5



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

understanding of the ruling in *A.T.* and the discovery is equally applicable in the parallel A.G. state case.

## V.   CONCLUSION

In the alternative of asking the Court to voluntarily dismiss her complaint without prejudice, Plaintiff requests the Court to enter an order staying this matter pending the final outcome of the appeal in *A.T. v. Everett Sch. Dist. et al.*, No. 2:16-cv-01536-JLR.

DATED this 12th day of June, 2018.

PFAU COCHRAN VERTETIS AMALA, PLLC

By   /s/ Darrell L. Cochran
 Darrell L. Cochran, WSBA No. 22851
 Kevin M. Hastings, WSBA No 42316
 Attorneys for Plaintiff

PLAINTIFF'S MOTION FOR VOLUNTARY NONSUIT



911 Pacific Avenue, Suite 200
Tacoma, WA 98402
Phone: (253) 777-0799  Facsimile: (253) 627-0654

**CERTIFICATE OF SERVICE**

I, **Sarah Awes**, hereby declare under penalty of perjury under the laws of the State of Washington that I am employed at Pfau Cochran Vertetis Amala PLLC and that on today's date, I served the foregoing via ECF to the following individuals:

Michael Patterson
Haley Moore
Patterson Buchanan
2112 Third Avenue, Ste. 500
Seattle, WA 98121
map@pattersonbuchanan.com
hem@pattersonbuchanan.com

Michael J. Andrews
Mark P. Giuliano
Cogdill Nichols Rein Wartelle Andrews
3232 Rockefeller Avenue
Everett, WA 98201
michaela@cnrlaw.com
mark@cnrlaw.com

DATED this 12th day of June, 2018.

/s/ Sarah Awes
Sarah Awes

