1
2                                                    HONORABLE RICHARD A. JONES
3
4
5
6
7
8
9
10                          UNITED STATES DISTRICT COURT
                           WESTERN DISTRICT OF WASHINGTON
11                                    AT SEATTLE
12
    A.G.,
13
              Plaintiff,
14                                                   Case No. C17-1409-RAJ
        v.
15                                                   ORDER
    EVERETT SCHOOL DISTRICT, et al.,
16
              Defendants.
17
18
    **I.   INTRODUCTION**
19
        This matter comes before the Court on Plaintiff A.G.'s Motion for Voluntary
20
    Nonsuit (Dkt. # 14) and Motion to Stay (Dkt. # 16).  Defendants, Everett School District,
21
    Cathy Woods, James Dean, and Craig Verver, oppose the Motion to Stay.  Dkt. ## 17,
22
    19.  For the reasons set forth below, Plaintiff's Motions are **DENIED**.  Dkt. ## 14, 16.
23
    **II.  DISCUSSION**
24
        Plaintiff filed this action against Defendants on September 18, 2017, alleging that
25
    Plaintiff was sexually abused by Verver, a teacher in the Everett School District.
26
    Dkt. # 1.  Plaintiff then filed a lawsuit in state court against Defendant Everett School
27
28  ORDER – 1

District alleging the same facts alleged in her Complaint. Dkt. # 18. Defendants represent that discovery is largely complete in that matter. *Id*. Defendants, Everett School District, Cathy Woods, and James Dean, filed an Answer to the Complaint on October 18, 2017. Dkt. # 10. Defendant Craig Verver filed his Answer on April 30, 2018. Dkt. # 13. A separate but related case was filed on September 30, 2016. Dkt. # 9. The related case was filed by another woman, A.T., also alleging that she was sexually abused by Verver. *Id*. On January 9, 2018, the Court granted the defendants' motion for summary judgment in that case. *See A.T. v. Everett Sch. Dist. et al.*, No. 2:16-cv-1536-JLR. In *A.T.*, Judge Robart found that the plaintiff's claims began to accrue when she knew or had reason to know of the injury that formed the basis of her claims, and that because the evidence showed that she knew or had reason to know of her injuries by May of 2013, her federal claims were untimely. *A.T. v. Everett Sch. Dist.*, 300 F. Supp. 3d 1243, 1258 (W.D. Wash. 2018). The order granting summary judgment is currently on appeal.

On June 6, 2018, Plaintiff filed a Motion for Voluntary Nonsuit in this matter, requesting that the Court grant her leave to voluntarily dismiss her Complaint without prejudice. Dkt. # 14. Plaintiff stated that, after examining the decision issued in *A.T.*, she decided that "further litigation in this lawsuit should end given the status of federal statute of limitation tolling law for federal claims." Dkt. # 14. Six days later, Plaintiff filed this Motion to Stay, requesting "[i]n the alternative of asking the Court to voluntarily dismiss her complaint without prejudice," that the Court stay this matter pending the final outcome of the appeal in *A.T.* Dkt. # 16.

A district court has discretionary power to stay proceedings in its own court. *Landis v. N.A. Co.*, 299 U.S. 248, 254-255 (1936); *see also Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005). "A trial court may, with propriety, find it is efficient for

ORDER – 2

its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." *Leyva v. Certified Grocers of Cal., Ltd.*, 593 F.2d 857, 863 (9th Cir. 1979). "A stay should not be granted unless it appears likely the other proceedings will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Id.* at 864. When considering a motion to stay, the district court weighs three factors: (1) the possible damage which may result from the granting of a stay, (2) the hardship or inequity which a party may suffer in being required to go forward, and (3) the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay. *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962).

Plaintiff argues that a stay will simplify the issues in this case because the related matter presents identical federal claims and both involve the same evidence of "fraudulent concealment," which Plaintiff argues will toll the applicable statute of limitations. In *A.T.*, the plaintiff's federal claims were dismissed based on a finding of when she knew or had reason to know of her injuries. This was a mostly fact-based finding that was individual to the circumstances in that case. There is no discussion of fraudulent concealment in that order. Plaintiff provides no other argument to support her assertion that resolution of the appeal in *A.T.* will "conclusively determine whether Plaintiff's federal claims will proceed."

Plaintiff also argues that a stay will not prejudice Defendants as they would only benefit from a stay in discovery pending the outcome of the appeal. However, Defendant represents that discovery in Plaintiff's state case is ongoing and that the same resources expended in that matter would be expended in this one. Therefore, a stay in discovery would only serve to delay this matter. After considering the relevant factors and the applicable law, the Court finds that the circumstances in this case do not weigh in favor of a stay. Plaintiff's Motion to Stay is **DENIED.** Dkt. # 16.

ORDER – 3

Despite Plaintiff's wording in her Motion to Stay, it does not appear that she wishes to dismiss her Complaint. Therefore, Plaintiff's Motion for Voluntary Nonsuit is **DENIED with leave to refile.** Dkt. # 14.

DATED this 8th day of August, 2018.

*Richard A. Jones*

The Honorable Richard A. Jones
United States District Judge

ORDER – 4